**C. H. COX, Plaintiff,**

v.

**TRANS WORLD AIRLINES, Inc., Defendant.**

**No. 9017.**

United States District Court
W. D. Missouri, W. D.

March 27, 1957.

Homer A. Cope, Kansas City, for plaintiff.

Ruby D. Garrett, Kansas City, for defendant.

R. JASPER SMITH, District Judge.

Plaintiff, under Rule 60(b), Fed.Rules Civ.Proc. 28 U.S.C.A., files a motion for relief from the verdict and judgment entered against him in this Court on October 20, 1955, contending surprise, newly-discovered evidence, and fraud, misrepresentation or other misconduct of the defendant.

Originally, plaintiff instituted this action with a six-count complaint, predicated substantially upon a written agreement dated May 18, 1948, between plaintiff and defendant. Under the terms of the agreement plaintiff leased to the defendant certain tractors and trailers at an agreed rental rate per mile.

Plaintiff sought recovery from defendant in the aggregate sum of $185,871.31. Count I alleges indebtedness for unpaid rental of plaintiff's equipment. Count II claims damages resulting from collision and upset occurring during defendant's operation of plaintiff's equipment. Count III seeks recovery for additional maintenance costs incurred by plaintiff as a result of alleged non-compliance by defendant with the terms of the contract in the operation of the leased equipment. Count IV asserts a claim for actual and punitive damages for defendant's alleged wrongful conversion of numerous log chains, boomers, tarpaulin bows, ridge poles and hydraulic jacks. Count V seeks reimbursement for insurance premiums allegedly paid by plaintiff, and lastly, Count VI claims damages for breach of contract.

The case came on for trial October 18, 1955, and at the conclusion thereof, Judge Whittaker directed a verdict for defendant on Counts II, III, V and VI. Counts I and IV were submitted to the jury which returned verdicts on both counts in favor of the defendant and against the plaintiff. Plaintiff did not appeal.

Almost a year later, plaintiff files the motion under present consideration. He proffers "newly-discovered evidence" relating to an alleged meeting which plaintiff claims occurred in his office between plaintiff and several of defendant's employees, at which time, plaintiff further claims, an oral agreement was made to pay him rental at a certain rate for "local cartage." The evidence which is now offered is directed only to the factual issue of the existence of the alleged meeting in plaintiff's office. Limited solely to this issue, it does not establish directly the existence of the alleged oral agreement, the proof of which was essential to plaintiff's recovery under Count I. Cognizance is taken of the fact that the evidence goes to a collateral issue under Count I only, the establishment of which in and of itself does not prove necessarily the existence of the alleged oral agreement, the primary issue.

The new evidence which plaintiff adduces consists of a conversation between plaintiff and his brother, J. Leonard Cox, and Frank Benson, an employee of defendant. The conversation took place one evening before the residence of Benson, and, unknown to Benson, was recorded by a shorthand reporter partially secluded in an automobile nearby. It is unsworn, and purports to discuss the alleged meeting in plaintiff's office. Plaintiff claims that it clearly proves that the meeting actually occurred. Benson has sworn subsequently by affidavit of the circumstances surrounding the recorded conversation, and elaborates further on the matter of the alleged meeting. This affidavit substantially emasculates the ef-

**300**

ficacy and probative value of the conversation.

 Under Rule 60(b) we have power to relieve a party upon motion from a final judgment; however, the determination to grant or deny relief depends upon a discretionary appraisal of the facts of a particular case.

 We must remember, when ruling on the motion, that while the Rule should be construed liberally in the interest of securing substantial justice between litigants, nevertheless it is desirable that a final judgment be not lightly disturbed. The useful purpose of the principle of finality of judgments requires that the Court scrutinize closely the motion for relief and the grounds upon which it is based. The additional evidence proffered here by plaintiff demands examination, and its importance, relevance, materiality and probative value need appraisal. If judgments are vacated on tenuous and insignificant grounds they will lack finality, and there will be no end to litigation.

Plaintiff attempts to convince the Court that if the testimony of Frank Benson as it is claimed to be found in the recorded conversation had been added to the testimony of plaintiff and his brother, the jury reasonably could have found that the alleged meeting took place. And having determined this fact, the jury reasonably could have assumed and found that during the meeting an oral agreement was consummated between plaintiff and defendant. In short, plaintiff claims that if Benson had testified about the facts as plaintiff claims to find them in the recorded conversation, the result of the trial would have been different.

 I cannot perceive that the new evidence is of such materiality and weight that it would probably produce a different verdict and judgment. It is merely cumulative of the testimony of plaintiff and his brother, and possibly impeaching as to the testimony of defendant's employees. Evidence of far stronger character is needed to cast a shadow of doubt upon the integrity of the existing judgment. Again, it is observed that the proposed new evidence pertains to a collateral issue. The judgment under attack stands, aside from the collateral issue, upon sufficient and adequate evidence from which the jury could determine that no oral agreement ever existed between the parties. I am reluctant to overturn the jury's finding of fact, and am compelled to conclude, in the exercise of my discretion, that the new evidence is insufficient to affect that finding.

Plaintiff's motion for relief from the verdict and judgment is denied. It is so ordered.