**Julio Trinidad GEIGEL et al., Plaintiffs,**

v.

**SEA LAND SERVICE, INC.**
**Civ. No. 101–67.**

United States District Court
D. Puerto Rico.

March 8, 1968.

Nicholas Nogueras, Jr., San Juan, P. R., for plaintiffs.

McConnell, Valdes, Kelley & Sifre, San Juan, P. R., for defendant.

CANCIO, Chief Judge.

### ORDER

On February 5, 1968 plaintiffs filed a motion to set aside the Order of this Court entered on October 25, 1967 dismissing plaintiffs' complaint with prejudice in accordance with Rule 37(d) of the Federal Rules of Civil Procedure for failure to answer defendant's interrogatories. Plaintiffs' motion was not accompanied by an affidavit nor had plaintiffs taken an appeal from the Order of October 25, 1967 during the time allowed by the Federal Rules of Civil Procedure. Hearing on the motion was heard on Friday, March 1, 1968.

■ Rule 60(b) of the Federal Rules of Civil Procedure was not intended to benefit an unsuccessful litigant who, long after time during which appeal from final judgment could have been perfected, first seeks to express dissatisfaction, since this Rule was not intended to afford a substitute for an appeal. Morse-Starrett Products Co. v. Steccone, 9 Cir., 205 F.2d 244.

■ The useful purpose of the principle of finality of judgments requires that the Court scrutinize closely the motion for relief and the grounds upon which it is based. If judgments are vacated on tenuous and insignificant grounds they will lack finality and there will be no end to litigation. Cox v. Trans World Airlines, D.C., 20 F.R.D. 298. Even where a party makes a showing of mistake, inadvertence, surprise or excusable neglect, his right to have judgment set aside is not absolute, and whether judgment shall be set aside rests in the sound discretion of the court. Ledwith v. Storkan, D.C., 2 F.R.D. 539. Showing of mere carelessness or negligence does not constitute either inadvertence or excusable neglect sufficient to warrant vacation of judgment. The inadvertence, mistake or surprise as well as neglect must be excusable in order to give the court power to set aside the judgment.

■ The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts. There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose the attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734.

The reasons advanced by counsel in the case at bar to justify our setting aside the Order of this Court of October 25, 1967 lack the exceptional circumstances required by the Federal Rules of Civil Procedure.

Now, therefore, it is hereby

Ordered, adjudged and decreed that plaintiffs' motion of February 5, 1968 to set aside our Order of October 25, 1967 be and the same is hereby denied.