**In re Robert E. BREINING, Debtor.**

**Bankruptcy No. 79–30016.**

United States Bankruptcy Court,
S. D. New York.

Oct. 29, 1980.

Feinman & Greher, New Windsor, N. Y., for debtor on motion by Warren Greher, of counsel.

Lawrence M. Klein, Cornwall–on–Hudson, N. Y., for movant–creditor, General Elec. Credit Corp.

## DECISION ON MOTION FOR AN ENLARGEMENT OF TIME TO FILE COMPLAINT UNDER § 727(c) AND § 523(c).

JEREMIAH E. BERK, Bankruptcy Judge.

This motion by General Electric Credit Corporation (hereinafter "GECC") pursuant to Rule 906(b) of the Rules of Bankruptcy Procedure, 411 U.S. 1094, 93 S.Ct. 3166, 37 L.Ed.2d lxxvi, seeks an Order enlarging the time within which it may file a complaint objecting to the debtor's discharge pursuant to Bankruptcy Code § 727(c), 11 U.S.C. § 727(c), and to determine the dischargeability of a debt pursuant to Bankruptcy Code § 523(c), 11 U.S.C. § 523(c). The motion of GECC "to extend time to file complaint" was filed on June 19, 1980. Oral argument on the motion was heard on August 7, 1980. After filing of memoranda of law, the motion was fully submitted for determination.

### FINDINGS OF FACT:

On November 1, 1979 the debtor filed his voluntary petition for an Order for Relief under Chapter 7 of the Bankruptcy Reform Act of 1978 ("Bankruptcy Code"), Pub.L. No. 95–598, 92 Stat. 2549, et seq., 11 U.S.C. § 101, et seq.[1]

On November 16, 1979, in accordance with Rule of Bankruptcy Procedure 203(a)(1), 411 U.S. 1022,[2] 93 S.Ct. 3113, 37 L.Ed.2d xliv, the Clerk of this Court mailed to the debtor, his creditors and all other parties in interest a notice scheduling the meeting of creditors pursuant to § 341(a) of the Bankruptcy Code, 11 U.S.C. § 341(a), for November 29, 1979 at the Poughkeepsie Bankruptcy Court. The notice also fixed December 31, 1979 as the last day for the filing of objections to discharge pursuant to Bankruptcy Code § 727(c), 11 U.S.C. § 727(c)[3] and for the filing of complaints to determine the dischargeability of particular debts pursuant to Bankruptcy Code § 523(c), 11 U.S.C. § 523(c).[4]

On November 27, 1979 the Clerk of this Court mailed to the debtor, his creditors and all other parties in interest a notice, bearing the name of Bankruptcy Judge Schwartzberg, scheduling the discharge hearing pursuant to Bankruptcy Code § 524(d), 11 U.S.C. 524(d), for January 10, 1980 at 10:00 A.M., at the Bankruptcy Court in White Plains, New York.

Both the November 16 and November 27 notices were timely mailed to GECC, and there is no claim that they were not timely received.

By letter dated December 21, 1979 directed to the Clerk of the Poughkeepsie Bankruptcy Court and received on December 27,

---

1. Prior thereto, on August 31, 1979, my predecessor, the Honorable R. Lewis Townsend, retired as the Bankruptcy Judge for the United States District Court for the Southern District of New York, sitting at Poughkeepsie, New York. By Order of the Honorable David N. Edelstein, Chief Judge of the United States District Court for the Southern District of New York, dated December 21, 1979, Bankruptcy Judge Howard Schwartzberg, at White Plains, New York, was designated and assigned to act in respect to all cases pending and thereafter filed at Poughkeepsie, New York. This designation was *nunc pro tunc* to September 1, 1979 and continued until March 7, 1980 when I was inducted as the United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York at Poughkeepsie, New York.

2. Section 405(d) of Title IV of the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2685, makes applicable the Rules of Bankruptcy Procedure in effect on September 30, 1979, to the extent not inconsistent with the Bankruptcy Reform Act of 1978.

3. Rule of Bankruptcy Procedure 404(a) requires the Court to fix the time for the filing of complaints objecting to discharge under § 727(a) of the Bankruptcy Code. The time shall not be less than 30 days, nor more than 90 days after the first date set for the meeting of creditors.

4. Rule of Bankruptcy Procedure 409(a)(2) requires the Court to fix the time for filing of complaints to determine the dischargeability of a debt under § 523(a)(2), (4) and (6) of the Bankruptcy Code. The time shall not be less than 30 days nor more than 90 days after the first date set for the meeting of creditors.

1979, Lawrence M. Klein, Esq., an attorney experienced in bankruptcy matters, advised that he had been retained "by General Electric Credit Corporation in the matter of filing a complaint objecting to discharge" and requested "that the time of General Electric Credit Corporation to file a complaint objecting to discharge and to determine the dischargeability of its debt be extended to January 29, 1980." It appears that on January 2, 1980 the Clerk of the Poughkeepsie Bankruptcy Court granted an extension to GECC to file a complaint objecting to the dischargeability of its debt until January 10, 1980, the date set for the debtor's discharge hearing.[5]

By letter dated January 8, 1980, again directed to the Clerk of the Poughkeepsie Bankruptcy Court, Mr. Klein requested "that the time of General Electric Credit Corporation to file a complaint objecting to the discharge and to determine the dischargeability of its debt be extended an additional 30 days." On January 9, 1980 the Clerk advised Mr. Klein that this request for a further extension would only be granted by court order upon proper application.

Upon receiving this advice, Mr. Klein immediately prepared a proposed order and application dated January 9, 1980 on behalf of GECC requesting "that an additional 30 days be given for the filing of a complaint objecting to discharge and to determine the dischargeability of its debt," for the reason that "GECC is located out of the state which has caused the delay in the transmittal of [necessary] documents..." Mr. Klein had been retained by GECC as its attorney 19 days prior to this application.

The proposed order was styled and intended for signature by Judge Schwartzberg at White Plains and was allegedly mailed, together with the application there-for, by Mr. Klein to the White Plains Bankruptcy Court on January 9, 1980. However, the order and application bear no date stamp indicating when they were received by the White Plains Bankruptcy Court, or that they were received at all. The unsigned original order and accompanying application appear in this Court's case file without date stamp or any indication as to how or when they were received by this Court.

The discharge hearing pursuant to Bankruptcy Code § 524(d) was held at White Plains on January 10, 1980 as scheduled and the Order of Discharge was signed by Judge Schwartzberg that day. Upon inquiry subsequent to oral argument on this motion, Judge Schwartzberg advised that the proposed order and application most likely never reached him since they do not bear this date stamp and that, if they had reached him timely on January 10, 1980, he would certainly not have signed the Order of Discharge without first addressing a request for an extension of time to file an objection thereto.

After entry and mailing of the Order of Discharge,[6] the debtor commenced his "fresh start" and the case progressed toward closing in routine fashion.

During oral argument Mr. Klein claimed that on or about April 15, 1980 he submitted another proposed order to the Poughkeepsie Bankruptcy Court for an extension of time to file complaints. However, this proposed order, as the proposed order and application of January 9, 1980, was never filed with the Court. A copy of this proposed order was not furnished to the Court and the original cannot be located in the case file. In any event, since it was never filed it cannot be considered as a subsequent request for an extension of time.

---

**5.** Rules of Bankruptcy Procedure 404(c) and 409(a)(2), as modified by Interim Bankruptcy Rules 4002 and 4003 for purposes of technical conformity with the Bankruptcy Reform Act of 1978, provide, in substance, that the Court may for cause, on application of any party in interest, extend the time for filing of complaints objecting to discharge or dischargeability of a debt pursuant to § 727(a) and § 523(c) of the Bankruptcy Code.

**6.** On January 15, 1980, pursuant to Rule of Bankruptcy Procedure 203(c), the Clerk of this Court mailed a copy of the Order of Discharge to all creditors of the debtors, including GECC.

On June 16, 1980 Mr. Klein examined this Court's case file and discovered that the debtor had received his discharge. On June 19, 1980, more than five months after the debtor had been discharged, Mr. Klein filed the instant motion on behalf of GECC, originally seeking "an Order pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure relieving General Electric Credit Corporation from the Notice of this Court dated November 16, 1979 directing that objections to discharge under Section 727(c) of the Bankruptcy Code and complaints to determine the dischargeability of a debt pursuant to Section 523(c) be filed on or before December 31, 1979, and from the expiration of extensions of such time . . ." After oral argument, Mr. Klein requested that this motion be deemed a motion for enlargement of time as a result of excusable neglect pursuant to Rule 906(b)(2) of the Rules of Bankruptcy Procedure. The request was granted.

Not being personally familiar with the facts and circumstances leading up to this motion (see N. 1, *supra* ), I thereafter made inquiry of the Clerk of the Poughkeepsie Bankruptcy Court and of Judge Schwartzberg. From the responses of each, from information contained in this Court's case file and docket, and from the oral argument and memoranda of counsel on the motion, the aforesaid facts and chronology of events have been determined, and decision is rendered thereon.

## DISCUSSION:

The issue before the Court is what showing must be made by movant to permit an enlargement of time to file a complaint objecting to discharge and dischargeability.

7. Bankruptcy Rule 404 has been modified by Interim Bankruptcy Rule 4002 which was adopted by the Judges of this District on February 20, 1980. Interim Rule 4002 provides that Bankruptcy Rule 404 applies in cases filed under Chapter 7, Liquidation, of the Bankruptcy Code except that the references to § 14(c) of the Act shall be read as references to § 727(a) of the Code. Even though the Interim Bankruptcy Rules were not in effect on the date this case was commenced, the Court shall read Rule 404 as if the Interim Rules had been in effect on

Rule of Bankruptcy Procedure 404(a) and (c), 411 U.S. 1050, 1051, 93 S.Ct. 3133, 37 L.Ed.2d lviii, sets forth the time requirements for filing of a complaint objecting to a debtor's discharge pursuant to § 727(a) of the Bankruptcy Code, as follows:

(a) *Time for Filing Complaint Objecting to Discharge.* The court shall make an order fixing a time for the filing of a complaint objecting to the bankrupt's discharge under § 14c of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors.

(c) *Extension of Time.* The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge.[7]

Similarly, Rule of Bankruptcy Procedure 409(a)(2), 411 U.S. 1053, 93 S.Ct. 3135, 37 L.Ed.2d lix, sets forth the time requirements for filing of a complaint to determine dischargeability of a particular debt pursuant to § 523(c) of the Bankruptcy Code, as follows:

(2) *Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of. any debt pursuant to § 17c(2) of the Act. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.[8]

the date the case was commenced for to do otherwise would be contrary to § 405(d) of Title IV of the Bankruptcy Reform Act of 1978. See N. 2, *supra.*

8. Bankruptcy Rule 409 has been modified by Interim Bankruptcy Rule 4003 by changing the reference to § 17(c)(2) of the Act to read as a reference to § 523(c) of the Code. The Court shall treat Rule 409 the same as it is treating Rule 404. See N. 7, *supra.*

Both Rule 404(c) and the last sentence of Rule 409(a)(2) confer discretionary power on the court to extend the time for filing complaints, but neither rule sets forth a standard to be applied in determining if an extension should be granted. However, Rule of Bankruptcy Procedure 906(b), 411 U.S. 1094, 93 S.Ct. 3167, 37 L.Ed.2d lxxvii, establishes the standard of excusable neglect to be applied in considering out–of–time requests for enlargement of time by which an act must be done generally, as follows:

> (b) *Enlargement.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon application made *after* the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect* ; but it may not extend the time for taking any action under Rules 107(b)(2), 115(b)(4) insofar as it makes Rule 50(b) of the Federal Rules of Civil Procedure applicable in bankruptcy cases, 302(e), 403(c), 607, 752(b), 802, 923, and 924, except to the extent and under the conditions stated in them. (Emphasis added)

*In re Koritz,* 2 B.R. 408, 6 BCD 47, 49 (Bkrtcy.D.Mass.1979), decided under the Bankruptcy Act of 1898, indicates that Rule 906, providing the general rule for enlargement of time, does not apply to a request for an extension of time to file a complaint under § 14(c) and § 17(c)(2) of the Bankruptcy Act, "given the more specific provisions controlling discharge in Rule 404(c) and dischargeability in Rule 409(a)(2)." Nevertheless, that Court considered the excusable neglect standard in refusing to extend the time.

The better view, however, appears to read Rule 906(b) in conjunction with, and as limiting the Court's discretion under, Rule 404(c) and Rule 409(a)(2). Indeed, the Advisory Committee's Notes to both Rules 404 and 409 make reference to Rule 906(b).

*Collier on Bankruptcy* discusses application of Rule 906(b) to requests for extension of time under Rule 404(c), stating:

> "The conferral of this discretionary power of Rule 404(c) is not an open–ended grant, for the Advisory Committee Note shows, its exercise must be in keeping with the limitations of Rule 906(b) on enlargement of time within which actions must be taken under an order or notice."
>
> 12 *Collier on Bankruptcy,* ¶ 404.4 (14th ed. 1976)

See also, *Keenan v. Builders Appliances, Inc.,* 384 F.Supp. 14, 15 (E.D.Wis.1974), applying Rule 906(b)(2) to a request under the Bankruptcy Act of 1898 for extension of time to object to discharge; and *In re Anderson,* 2 CBC 2d 616 (N.D.Ohio 1980), applying Rule 906(b)(2) to a request under the Bankruptcy Code for an extension of time to object to discharge.

There is no reason why the limitations of Rule 906(b) should not similarly be applicable to Rule 409(a)(2). By analogy, the specific exclusion of Rule 409(a)(2) from Rule 906(c) (dealing with reduction of time) would in itself imply the applicability of Rule 906(b) to Rule 409(a)(2) since that rule contains no similar exclusion. *In re Lee,* 18 CBC 136, 140 (E.D.Va.1978).[9] See also, *In re Fulton,* 3 B.R. 600, 604 (Bkrtcy.E.D.Mich. 1980) applying Rule 906(b)(2) to a request under the Bankruptcy Act of 1898 for an extension of time to determine dischargeability; and *In re Goode,* 3 B.R. 207, 6 BCD 70, 71 (Bkrtcy.W.D.Va.1980), applying Rule 906(b)(2) to a request under the Bankruptcy Code for an extension of time to determine dischargeability.

Rule 906(b)(2) requires a showing of excusable neglect to permit an enlargement of time after the original specified period has expired. "Excusable neglect" are words of

---

**9.** See also, *In re Capshaw,* 423 F.Supp. 1388, 1390 (E.D.Va.1977), using similar analogy to find Rule 906(b) applicable to Rule 404(c).

art and have been interpreted "as meaning the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Beneficial Finance Company of Hartford v. Manning*, 4 BCD 304, 305 (D.Conn.1978).

An "extension will not be granted where the delay could have been prevented by the diligence of the party. Ordinary negligence is not enough." *In re Starkey*, 1 CBC 138, 142 (W.D.Wis.1973).[10]

The delay attributable to GECC herein may be summarized as follows:

(1) In not filing its complaint or obtaining a further extension on or before January 10, 1980, the date on which the extension granted by the Poughkeepsie Bankruptcy Court Clerk expired.

(2) In not filing its proposed order and application of January 9, 1980 on or before January 10, 1980.

(3) In not promptly determining that the proposed order and application had been received and considered by the White Plains Bankruptcy Court by January 10, 1980.

(4) In not making further application for an extension on or before February 10, 1980, the date on which the extension requested by the January 9, 1980 application would have expired (assuming it had been granted in all respects by Judge Schwartzberg on January 10, 1980), since that application only sought an extension for "an additional 30 days."

(5) In not ascertaining until June 16, 1980 that the debtor had been discharged. (There has been no explanation as to why on June 16, 1980 Mr. Klein first discovered that the debtor had been discharged since notice of entry of the discharge had been mailed by the Clerk of this Court to his client on January 15, 1980.)

(6) In not filing the instant motion for an out-of-time enlargement until June 19, 1980, more than five months after the first extension had expired.

The only credible reason suggested to excuse this delay may be summarized as a general confusion regarding court procedure allegedly created by the vacancy of the Poughkeepsie Bankruptcy Court Bench, notwithstanding the temporary assignment of Judge Schwartzberg to fill the vacancy until March 7, 1980. When viewed against the backdrop of the facts and circumstances surrounding this case and the inordinate amount of time elapsed until the instant motion was filed, this reason is insufficient to constitute excusable neglect under Rule 906(b)(2).

CONCLUSIONS OF LAW:

1. GECC has failed to show excusable neglect under Rule of Bankruptcy Procedure 906(b)(2).

2. The motion of GECC for an extension of time to file a complaint objecting to discharge and to determine dischargeability is denied.

3. The debt to GECC was discharged by operation of law on January 10, 1980.

IT IS SO ORDERED.

---

10. For a review of several Bankruptcy Court decisions under the Bankruptcy Act of 1898 interpreting the excusable neglect standard of Rule 906(b)(2) as applied to out-of-time requests for extension of time to file complaints objecting to discharge and/or dischargeability, see *In re Lee, supra*.