In the Matter of Edward J. HAMMAN, Jr., aka John Hamman and Vicky Faye Hamman aka Vicky Hamman, Debtors.

The THIRD NATIONAL BANK AND TRUST COMPANY OF DAYTON, OHIO, Plaintiff,

v.

Edward J. HAMMAN, Jr., and Vicky Faye Hamman; and Eugene Jablinski, Defendants.

Bankruptcy No. 3–81–00213.
Adv. No. 3–81–0253.

United States Bankruptcy Court, S. D. Ohio, W. D.

Sept. 22, 1981.

David L. Phipps, Dayton, Ohio, for debtors.

Robert J. Eilerman, Dayton, Ohio, for plaintiff.

Eugene Jablinski, Dayton, Ohio (trustee), defendant.

ELLIS W. KERR, Bankruptcy Judge.

For decision is a Motion to Dismiss the Complaint because of late filing. The Complaint objects to the discharge of the Debtors.

April 13, 1981, was fixed as the last day to file such Complaint which was not filed until April 20, 1981. The Plaintiff contends the Motion should be denied on the grounds of excusable neglect on the part of the Plaintiff because the Complaint was timely prepared, ready to file, a check for costs was issued on April 13, 1981 (a copy is attached to Memo of Plaintiff) but from April 10 to 20 "Plaintiff's counsel was experiencing a change of personnel who physically performed the function of filing documents" and if the late filing resulted from the change-over in personnel the neglect should be considered excusable".

On file is an Affidavit by the counsel who prepared the Complaint. The Affidavit states he prepared the Complaint and forms necessary and placed them with the check in the box used by the office "Runner" for work to be done; that this was done prior to the end of the last day for filing but the present "Runner" has no recollection of the incident and they have been unable to contact the previous "Runner" whose last day in office was April 10, 1981. (If that was his last day and the papers were not placed in the box until April 13th the Court fails to see what information of value he could supply.)

On file also is Affidavit of secretary to Defendant Trustee. It states she received a phone call from Plaintiff's Attorney at 3:10 P.M., April 13, 1981; that he stated he had filed Objection to dismiss (it is assumed he meant Complaint objecting to discharge); that April 13, was last day for filing and that he was mailing a copy to the Trustee.

Plaintiff's Memo cites only two cases: *Albro Leasing, Inc. v. Sylvester*, 198 N.W.2d 437, 438, 40 Mich.App. 227; and *First Nat. Ins. Co. of America v. Thain*, 129 S.E.2d 381, 383, 107 Ga.App. 100.

Both pertain to state law. Neither is a bankruptcy case. The *Albro* case involved setting aside a default judgment based on misfiling of a garnishment writ during process of moving from one office to another. It held this to be excusable neglect justifying setting aside a default judgment. Late filing of a pleading was not an issue.

The *Thain* case also involved setting aside a default judgment. Emphasis was given to a situation in which neglect results from reliance upon action of opposite party in obtaining extension of time. There was also a question of validity of Order extending time because of it being signed by a judge who was not a judge of the Court where the suit was pending.

The facts and legal issues are not the same as in the instant case. To that extent they would not apply. But they are of value in setting out examples of what two Courts thought to be excusable neglect.

The Memo of the Debtors cites only one case. *Geigel v. Sea Land Service, Inc.*, 44 F.R.D. 1 (D.P.R.1968). The Memo claims Plaintiff has failed to establish a meritorious claim. This is a matter not to be considered on this Motion but is at issue on the hearing on the Complaint if Motion is overruled.

The *Geigel* case is but another example of facts being the basis for decision. Facts in that case are entirely different from those in the instant case. That case was not one in bankruptcy. The Court denied a Motion to set aside a judgment Order made over three months previously. The Order dismissed the Complaint for failure to answer interrogatories. No appeal had been taken. The Attorney was guilty of neglect that was not excusable.

Both Memos are submitted pursuant to Rule 60(b) Federal Rules of Civil Procedure. Rule 924, Rules of Bankruptcy Procedure provides that Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases (with exceptions not applicable here).

This being a rule and not a provision of a section of the Act or Code there is no legislative history. The "Advisory Committee's Note" as to this rule reveals variance in case law. Some cases even denied that 60(b) FRCP applied in bankruptcy. Adoption of Rule 924 settled this.

What cases there are on excusable neglect have such different fact situations as to make it obvious each case is decided on the particular facts. It is a matter of the opinion of each Court determining what is excusable neglect based upon the circumstances in each case.

This brings us to the problem of whether the actions of Plaintiff's counsel can be considered excusable neglect. The difficulty in making decisions on this issue were well stated in two cases cited in the *Thain* case:

"We would that we might deduce from the numerous cases some fixed rule by which to determine questions of this character, but the task is legally impossible * * * [and] 'cannot be determined by any fixed rule, but depends upon the circumstances of the case.' * * * The wide divergence apparently existing in the authorities is not the result or the evidence of a confusion of the law, but indicates merely the breadth of the field of the discretionary power which is vested in the judges in matters of this kind.' *Sherman v. Stephens*, 30 Ga.App. 509, 519, 118 S.E. 567, 571. See *Deen v. Baxley State Bank*, 192 Ga. 300, 303, 15 S.E.2d 194 and citations.

'Punctuality is a virtue of high order, but truth and justice are even more exalted. Hence the demand for punctuality in pleading should not be so strict as to prevent inquiry into truth and to deny justice where the delinquency is reasonably excusable. Therefore, while the law makes requirements of punctuality in pleadings, it also usually makes provision for relieving against the penalties imposed for a lack of this virtue when the interests of truth and justice require it. This may be said to be the general policy of the law.' *Bass v. Doughty*, 5 Ga.App. 458, 460, 63 S.E. 516, 517."

██ Compliance with filing dates *must* be enforced unless there are matters of great importance that require relief. Otherwise there would be chaos in the administration of the great number of bankruptcy cases filed. Carelessness does not justify relief. Obviously frivolous pleadings do not. But where there is possible fraud or blatant disregard of bankruptcy law a Court should hesitate not to grant relief. Otherwise the judicial system is subject to criticism for making possible, for technical reasons, situations which foreclose the possibility of further inquiry that truth and justice demand.

This case is not one of dischargeability of just one debt. It is an objection to discharge.

██ Attached to the Complaint is a financial statement dated October 15, 1979, showing a net worth of over $200,000.00. The Complaint alleges the bankruptcy schedule shows Debtor's assets to total only $51,950.00. Actually the schedules show joint interest in real estate, $43,000.00 (whether this is the value of the entire interest or a half-interest is not clear) and $8,975.00 value of personal property). This is a decrease in assets of once $14,000.00 in a little over 15 months. If this decrease can be explained the Debtors should be given an opportunity to clear themselves of the "cloud" cast by the inferences, implications or allegations of the Complaint. If there is no satisfactory explanation it would, in any event, be the duty of the Court and of the Trustee to make further investigation as to any violation of the bankruptcy laws even if the Complaint would be dismissed.

Under the circumstances the Court must find there was excusable neglect in not filing within time and that the Motion to dismiss should be overruled and denied.

Entry of judgment shall be made by separate document as required by Rules of Bankruptcy Procedure.