In re Arnold P. GRIFFIS and Christine
H. (Webb) Griffis (d/b/a Arlington
Custom Kitchens), Debtors.

Raymond LIPSHULTZ and Ellen
Lipshultz, Plaintiffs,

v.

Arnold P. GRIFFIS and Christine H.
(Webb) Griffis, (d/b/a Arlington
Custom Kitchens), Defendants.

Bankruptcy No. 82–282.
Adv. No. 83–0041.

United States Bankruptcy Court,
D. Vermont.

June 15, 1983.

Joseph J. O'Dea, Manchester Center, Vt., for plaintiffs.

Arnold P. Griffis and Christine H. (Webb) Griffis, debtors, pro se.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The complaint of Raymond and Ellen Lipshultz to obtain a determination of dischargeability with respect to their claim in this proceeding came on for consideration after notice. From the records in the case and the testimony adduced at the hearing, the facts set forth below were established.

## FACTS

On December 21, 1982, the debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. On December 28, 1982, an order issued setting February 15, 1983 as the first date for the first meeting of creditors and fixing March 17, 1983 as the last day for the filing of complaints to determine the dischargeability of any debt. The Court gave the plaintiffs notice of this order, by mail, on December 28, 1982. On March 23, 1983 the Court by order continued until April 15, 1983, the filing deadline for complaints on dischargeability. The Court gave the plaintiffs notice of this order, by mail, on April 15, 1983.

On April 15, 1983, the last day for filing, plaintiffs deposited in the mail addressed to the Court their complaint to determine the dischargeability of their claim in this proceeding. The Court received and filed this complaint on April 19, 1983. On April 25, 1983, the clerk of the Court issued a summons and notice of trial requiring the debtors to answer or otherwise defend on or before May 5, 1983, and setting trial for May 12, 1983.

The debtors neither answered nor otherwise defended until May 12, 1983, at the time scheduled for hearing, when they moved to dismiss plaintiffs' complaint on the grounds that the complaint was not timely filed. At about the same time the plaintiffs moved for a default judgment with respect to the debtors' failure to answer or to otherwise defend on or before May 5, 1983.

## DISCUSSION

■ The appropriate provision to determine whether plaintiffs' complaint commencing this adversary proceeding was timely filed is Bankruptcy Rule 509(b) which provides: "The clerk ... shall note the date of its filing on each paper...." This procedure, requiring the court clerk to note on a complaint the date of its filing,

contemplates the effective filing of a complaint as of the day it is received by the court. *In Re Horvath*, 20 B.R. 962, 964 (Bkrtcy.S.D.N.Y.1982); *In Re Petersen*, 15 B.R. 598, 601 (Bkrtcy.N.D.Iowa 1981). As the court in *Petersen* stated: "Though service or notice to a party is complete upon mailing of a complaint under Rule 906(e), filing is not made until the complaint is received by the court." *Id.* Since plaintiffs' complaint was not received by the Court until four days after the last day allowed for the filing of complaints on dischargeability, plaintiffs' complaint was not timely filed.

■ Conceding this much in their Memorandum in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiffs' Motion for Default Judgment (Memorandum) at page 5, paragraph 2, plaintiffs assert that substantial, rather than strict or literal, compliance with Bankruptcy Rule 509(b) should be the standard followed by the Court in ruling on this matter. Under the circumstances of this case, the Court does not agree. Plaintiffs had a period of over three months to file their complaint on dischargeability, from December 28, 1982, the day plaintiffs were given notice as to the commencement of this bankruptcy proceeding, until April 15, 1983, the filing deadline as extended by Order on March 23, 1983. As a general rule, strict compliance with filing dates must be enforced. *Matter of Hamman*, 14 B.R. 172, 174 (Bkrtcy.S.D. Ohio 1981) (decided on other grounds); *See also, In Re Capshaw*, 423 F.Supp. 1388, 1390–91 (1977). Otherwise there would be chaos in the administration of the great number of bankruptcy cases filed. *Matter of Hamman, supra*, 14 B.R. at 174.

■ Plaintiffs would have it that they had less than thirty days to file their complaint, i.e. from March 27, 1983, the day the first meeting of creditors convened, until April 15, 1983, the filing deadline as fixed by order. Plaintiffs argument is without merit. Section 409(a)(2) of the Code, which governs procedure with respect to complaints on dischargeability, provides that the deadline for filing, "... shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors....". The Code does not require that the filing deadline must be more than thirty days after the first meeting of creditors convenes, as plaintiffs imply. Thus February 15, 1983, the first date set for the first meeting of creditors in this proceeding, and not March 27, 1983, the day the first meeting of creditors convened, is the relevant date for the purpose of computing the period of time required by Rule 409(a)(2).

■ Having determined that plaintiffs complaint was not timely filed and that the filing deadline of April 15, 1983 was fixed in accordance with Rule 409(a)(2), the next matter for consideration is whether plaintiffs are entitled to an extension of time under this rule. In pertinent part, Rule 409(a)(2) provides: "The court may for cause ... extend the time fixed under this paragraph." Although this provision does not expressly require that the extension be sought before the bar date, it, like a parallel provision in Rule 404(c) governing extensions for filing objections to discharge, has been interpreted to apply when the request for extension is made before the expiration of the time fixed by order. *See, e.g. In Re Lola Kay, Ltd.*, 1 Br.C.D. (CRR) 958 (Bkrtcy.S.D.N.Y.1975). Following the expiration of the period originally prescribed or as extended by previous order, enlargement of time is governed by Rule 906(b)(2), *In Re Capshaw, supra*, 423 F.Supp. at 1390. The court in *Capshaw*, in ruling on an untimely objection to discharge in which fraud on the creditor was alleged, examined the equitable rationale of the filing deadline rule:

... [C]hallenges to discharges ... must be undertaken in compliance with the Bankruptcy (Code) and Rules, which are designed to protect the interests of both the bankrupt and his creditors. The balance between the entitlement of the bankrupt to his discharge and the interest of creditors in avoiding such a discharge when possible fraud or other grounds exist changes as the proceeding in bankruptcy moves through its various stages.

The pre-requisites for asserting a challenge to the bankrupt's discharge change accordingly and must be complied with. *Id.*, cited in *Matter of Anderson,* 5 B.R. 47, 50 (Bkrtcy.N.D.Ohio 1980). Thus the instant plaintiffs must meet the requirements of Rule 906(b)(2) if they are to obtain relief from the consequences of having filed their complaint after the bar date. Rule 906(b)(2) provides:

> (b) Englargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may . . . (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . .

The saving provision of Rule 906(b)(2) corresponds in bankruptcy practice to the saving provision of Rule 6(b)(2) of the Federal Rules of Civil Procedure, which provides:

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . .

■ "Excusable neglect", as contemplated under the Code, means "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform". *In Re Breining,* 6 B.R. 837, 842 (Bkrtcy.S.D.N.Y.1980), citing *In Re Manning (Beneficial Finance Company of Hartford v. Manning),* 4 BCD 304, 305 (D.Conn. 1978). Ordinary negligence is not enough. *Matter of R.M. Starkey,* 1 Collier Bankr. Cas. 138, 142 (Bkrtcy.W.D.Wis.1973). The standard of excusable neglect are akin to those justifying application of the doctrine of force majeure. Lack of control over events is essential. *In Re Hovarth, supra,* 20 B.R. at 966. An enlargement will not be granted where the delay could have been prevented by the dilgence of the party. *In*

*Re Gertz,* 1 B.R. 183, 185 (Bkrtcy.C.D.Cal. 1979); *In Re Breining, supra* at 842. Nor will the time for filing a complaint to determine dischargeability be extended where the reason for not filing earlier was a failure to discover, until after the time therefor had expired, the law relating to the filing of such petitions. 13 Collier on Bankr. ¶ 906.04[2] (14th ed. 1977), citing in *Matter of Anderson, supra,* 5 B.R. at 52; *accord, In Re Breining, supra,* 6 Bkrtcy. at 842; *see also, In Re Goode,* 3 B.R. 207, 6 B.C.D. 70 (Bkrtcy.W.D.Va.1980). A party who fails to file on time a complaint to determine the dischargeability of a debt has the burden to show that his neglect was excusable due to circumstances which are beyond his control. *In Re Webb,* 8 B.R. 535, 537 (Bkrtcy.S.D. Tex.1981); *Matter of Anderson, supra,* 5 B.R. at 50; *In Re Rogers,* 2 B.R. 485, 487 (Bkrtcy.W.D.Va.1979); *In Re Breining, supra,* 6 B.R. at 842.

■ In the instant case, the Court has no basis on which to grant plaintiffs relief under Rule 906(b)(2). As a preliminary matter, the plaintiffs have made no application for such relief; they have merely proposed in their Memorandum that they are entitled to it. The plain language of Rule 906(b)(2) requires that an application for relief under the rule be filed before the court may consider the merits of the argument for relief.

■ In the interest of the efficient administration of this proceeding, the Court observes that it is not to be presumed that plaintiffs would be entitled to relief under Rule 906(b)(2) were plaintiffs to file an application under the Rule. Having dispensed with any recitation of cause in their Memorandum, plaintiffs' simply put forward the position that the Court should be more interested in ascertaining whether the debtors committed fraud on the plaintiffs than in determining whether the plaintiffs are entitled to relief from the consequences of having filed their complaint after the bar date. The Court notes that had plaintiffs' allegations of fraud reached the Court before the bar date, the Court could, on its own initiative have extended the time al-

lowed pursuant to Rule 409(a)(2). However, in contrast to the lesser justification required when an extension is sought before the bar date, a party seeking an extension after the time allowed has expired must make a greater showing of cause. Wright & Miller, Federal Practice and Procedure, Civil Section 1165.

■ It is the opinion of the Court that plaintiffs' complaint to determine dischargeability was not timely filed under Rule 509(b); that plaintiffs are not entitled to an extension of time under Rule 409(a)(2) in that the extension provision of the Rule should not apply to challenges to dischargeability not timely filed; that plaintiffs may not obtain relief under Rule 906(b)(2) for the reason that an application for Relief under the Rule is not before the Court; that the complaint, not saved under Rules 409(a)(2) or 906(b)(2), is therefore barred as untimely filed. As time-barred when filed, the complaint was without legal effect when filed; it therefore, cast no obligation on the debtors either to answer or to otherwise defend. As the debtors were under no obligation to defend, their failure to defend by May 5, 1983, was without legal effect. Plaintiffs are, therefore, not entitled to a default judgment by reason of the debtors' failure to defend by May 5, 1983.

## ORDER

WHEREFORE, IT IS ORDERED,

1) That the Debtors' Motion to Dismiss the Complaint herein is GRANTED, and

2) That Plaintiffs' Motion for a Judgment by Default is DENIED.