In the Matter of William D. ANDERSON aka William Duane Anderson dba W. D. Anderson Construction Co. dba the Wiland Co., Debtor.

John R. FUERST et al., Plaintiffs,

v.

William D. ANDERSON aka William Duane Anderson dba W. D. Anderson Construction Co. dba the Wiland Co., Defendant.

Bankruptcy No. 679–01245.
Adv. No. 680–0015.

United States Bankruptcy Court,
N. D. Ohio.

May 9, 1980.

See also Bkrtcy., 5 B.R. 43 and Bkrtcy., 5 B.R. 51.

**48**

David M. Hunter, Brouse & McDowell, Akron, Ohio, for debtor.

Robert L. Culbertson, Akron, Ohio, for plaintiffs.

## FINDINGS OF FACT OPINION AND CONCLUSIONS OF LAW

JAMES H. WILLIAMS, Bankruptcy Judge.

The debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code on October 2, 1979. Plaintiffs were listed on Schedule A-3, "Creditors Having Unsecured Claims Without Priority," annexed to debtor's petition. The clerk of this court, on October 10, 1979, notified all creditors and other parties in interest that October 30, 1979 was established as the date for the meeting of creditors to be held pursuant to 11 U.S.C. § 341 and further, that January 28, 1980 was the last date for filing objections to discharge and for filing complaints to determine dischargeability. Also on October 10, 1979, the clerk served notice on all creditors and other parties in interest that a discharge hearing, pursuant to 11 U.S.C. § 524(d), would be held on January 31, 1980.

The discharge hearing was duly convened on January 31, 1980, a discharge was entered and all parties in interest, as required under the Bankruptcy Code and Rules of Bankruptcy Procedure, were notified of such entry. The court is now presented with a "Motion for Reinstatement of Complainant's Amended Complaint pursuant to Federal Rules of Civil Procedure 60(a) and (b)" upon which a hearing was held and arguments of counsel heard. In addition, counsel for the defendant has submitted a brief in opposition to the motion.

## FINDINGS OF FACT

1. The plaintiffs filed a "Complaint—Objection to Discharge" on January 24, 1980. The pleading was not accompanied with the requisite filing fee and failed to comply with Bankruptcy Rule 703 and 710, Official Form No. 25 and Official Interim Form No. 24. A copy of the pleading was sent to counsel for the debtor and the trustee in bankruptcy, but no summons and notice of trial or pre-trial conference was issued.

2. The debtor filed a motion on February 1, 1980, seeking the dismissal of plaintiffs' objection. An order granting the motion and dismissing the objection, with prejudice, was entered on February 12, 1980.

3. On the same date, February 12, 1980, plaintiffs filed an amended complaint with the proper caption and the requisite filing fee. This amended complaint demanded that the discharge of the debtor from his debts be denied and that a judgment be granted for damages incurred. No summons and notice of trial or pre-trial conference was issued for the reason that the complaint had been dismissed prior to the receipt of said amended complaint.

4. The within motion was filed by plaintiffs on March 14, 1980.

## OPINION

This court, as all Bankruptcy Courts, has recently been confronted with a variety of problems created by the first major revision in the bankruptcy laws of the United States in over forty years, the so-called Bankruptcy Reform Act of 1978 (commonly referred to as the Code) which became effective on October 1, 1979. Indeed, the subject case was filed the very next day, on October 2,

1979. Much remains to be done to clarify procedural problems and, in many cases, clear and definitive answers will have to await the promulgation of new rules to be followed by the court and practitioners before it.

However, the new Bankruptcy Code itself does not appear to be the source of confusion which led to the problem which we must now attempt to unravel. Rather, the difficulty here seems to be in interpreting and applying the Rules of Bankruptcy Procedure which have been in existence since 1973!

The Congress, in enacting the Bankruptcy Code, chose not to draft rules but instead this task is left to an Advisory Committee which has, thus far, put forth only Interim Bankruptcy Rules. These Interim Bankruptcy Rules have been adopted for use in the Northern District of Ohio and accordingly, this court is bound thereby. Additionally, the court is bound to follow presently existing Rules of Bankruptcy Procedure, pursuant to § 405(d) as contained in Title IV of the Bankruptcy Reform Act of 1978, Pub.L. 95–598:

> (d) The rules prescribed under section 2075 of title 28 of the United States Code and in effect on September 30, 1979, shall apply to cases under title 11, to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or superseded by rules prescribed and effective under such section, as amended by section 248 of this Act.

Following these guidelines, we find, from Rule 701 of the Rules of Bankruptcy Procedure, that the Part VII Rules "govern any proceeding instituted by a party before a bankruptcy judge to * * * (4) object to or revoke a discharge * * *. Such a proceeding shall be known as an adversary proceeding." Continuing, Rule 703 provides that "An adversary proceeding is commenced by filing a complaint with the court." Rule 704 next spells out the duties of the bankruptcy judge upon the commencement of an adversary proceeding.

As found above, the document initially filed by plaintiffs on January 24, 1980, bore little resemblance to the form of complaint contemplated by the Rules. It denominated no parties as plaintiffs or defendants, gave no addresses and was accompanied by neither instructions to the clerk nor the requisite filing fee.

Defendant's motion to dismiss the complaint for want of proper service accompanied by a brief and affidavits by both defendant and his counsel that no service of process had been perfected upon either of them, went unanswered for more than ten days, contrary to Local Civil Rule 3(a)3 of the Rules of the United States District Court, applicable in bankruptcy cases in this District. (see L.Civ. R. 1(a)) The court therefore had no choice but to grant the motion to dismiss and did so by order entered February 12, 1980.

Now the court is requested to reconsider the discharge because, say plaintiffs, "the Court should be more interested in ascertaining whether or not the bankrupt has committed fraud upon the complainants and that the determination of that question is more important so far as the Court is concerned than in determining whether or not the complainants complied with certain rules with reference to the filing of the claim."

Plaintiffs' position is, then, quite simply that what they consider mere form should not prevail over substance, i. e. their asserted fraud claims against the defendant. To find that the court has some basis for unwinding the discharge proceedings herein is, it seems, to hold that finality of action in this area is to be sacrificed if it be demonstrated that counsel's unfamiliarity with practice and procedure before the Bankruptcy Court is the root of the problem.

The court is of the opinion that its order of dismissal of plaintiffs' objection to discharge was not only proper, but required. Plaintiffs had in excess of ninety days within which to commence their action and commence it properly. The discharge hearing went forward, the formalities thereof were observed and an order of discharge was

prepared and entered with no properly commenced attack on that process.

The Bankruptcy Court, as a court of equity, is required to act with fairness not only to creditors but to debtors as well. The comments of one court are appropriate:

> Thus, while considerable latitude for finding the propriety of filing challenges to discharges is vested in the Bankruptcy Court, such actions must be undertaken in compliance with the provisions of the Bankruptcy Act and Rules, *which are designed to protect the interests of both the bankrupt and his creditors.* The balance between the entitlement of the bankrupt to his discharge and the interest of creditors in avoiding such a discharge when possible fraud or other grounds exist changes as the proceedings in bankruptcy moves through its various stages. The pre-requisites for asserting a challenge to the bankrupt's discharge change accordingly and must be complied with. *In re Capshaw*, 423 F.Supp. 1388, 1390–91 (D.C. 1977). (emphasis added)

The court can hardly be faulted for expecting compliance with the clear language of the Rules of Bankruptcy Procedure, nor can it be blamed for granting a motion to which there is no response as mandated by the local rules which it is required to follow.

■ Plaintiffs have cited no authority to buttress their contention that Rule 60(a) and (b) provides them relief under the circumstances here present. *In re Capshaw*, 423 F.Supp. 1388 (1977) held, at p. 1390, that "Following the expiration originally established under Rule 404(a) (here the maximum that the court could have allowed for the filing of plaintiffs' action), enlargement of time is governed by Rule 906(b)(2)." The last mentioned rule provides that the court may enlarge time "where the failure to act was the result of excusable neglect * * *". The court is not convinced that a misunderstanding by counsel of the requirements of the Bankruptcy Rules is such "excusable neglect" as is contemplated by Rule 906(b)(2). Turning to 13 *Collier on Bankruptcy*, 14th Ed., Para. 906.04[2], we read:

> The party requesting the extension has the burden of showing a reasonable basis for the failure to comply within the time originally specified.
> Excusable neglect is not defined in the rule and at least one court has taken the restrictive view that ordinary negligence, however understandable and excusable in another setting, does not amount to excusable neglect under the instant rule. The more liberal view has allowed extension where, based on a reasonable misunderstanding between the client and its attorneys, or where a reasonable misunderstanding of dates in a notice is coupled with an attorney's absence during the period when the original time allowed was elapsing. The courts have been more generous in granting extensions of time where there is no prejudice or surprise to the bankrupt. * * * *The time for filing a creditor's complaint to determine dischargeability will not, however, be extended where the only reason for not filing earlier was a failure to discover the law relating to the filing of such petitions until after the time therefor had expired.* (emphasis added) (citations omitted)

## CONCLUSIONS OF LAW

1. An objection to discharge is an adversary proceeding pursuant to Bankruptcy Rule 701 and is instituted by the filing of a complaint, pursuant to Bankruptcy Rule 703. Failure to so commence such an action is grounds for dismissal of any pleading which is deficient under the Rules.

2. A request for extension of time is governed by Rule 906(b)(2). The moving party must demonstrate excusable neglect for failure to act within the allotted time and this must consist of more than the mere misunderstanding of counsel of the plain language of the Rules of Bankruptcy Procedure.