**In re Edna Earle CAMPBELL, Debtor.**

**Bobby Joe CAMPBELL, Plaintiff,**

v.

**Edna Earle CAMPBELL, Defendant.**

**Bankruptcy No. 82–01958.
Complaint No. 83–0172.**

United States Bankruptcy Court,
D. South Carolina.

June 8, 1983.

James R. Mann, Greenville, S.C., for plaintiff.

James C. Sarratt, Greenville, S.C., for defendant.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter came before the court on the plaintiff's complaint to have his debt excepted from discharge pursuant to 11 U.S.C.[1] § 523(a)(5).

## FACTS

On November 22, 1982, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

As required by Bankruptcy Rule 409(a)(2) the Order for Meeting of Creditors issued by this court on December 21, 1982 fixed February 7, 1983 as the last day for the filing of a complaint to determine the dischargeability of a debt pursuant to § 523.

On February 7, 1983 the office of the Clerk of Court of the United States Bankruptcy Court for the District of South Carolina received from the plaintiff's attorney, a pleading entitled "OBJECTIONS TO THE DISCHARGE OF THE DEBTOR". This pleading was not in the form of a complaint, nor was it accompanied by the $60. filing fee required for the filing of a complaint.

On February 9, 1983, the office of the Clerk of Court notified the plaintiff's attorney that actions to determine the dischargeability of a debt under § 523 must be filed in the form of a complaint.

On February 16, 1983, the office of the Clerk of Court received the plaintiff's complaint objecting to the dischargeability of his debt. This complaint was accompanied by a $60. filing fee.

On March 8, 1983, the office of the Clerk of Court forwarded, to the plaintiff's attorney, the summons and Notice of Pre-Trial Conference for service on the defendant. The certificate of mailing of the plaintiff's attorney stated that a copy of the Summons and Notice of Pre-Trial Conference, and the complaint, were mailed to the defendant's attorney on March 11, 1983.

On March 28, 1983, the office of the Clerk of Court received the defendant's motion to dismiss the complaint. In this motion, the defendant moved for dismissal of the complaint on the ground that it was filed after the last day fixed for filing complaints to determine the dischargeability of a debt.

## ISSUES

The issues are: (1) whether the plaintiff's complaint was filed timely and (2) if the complaint was not filed timely, whether the court should grant the defendant's motion to dismiss the complaint on that ground.

## DISCUSSION AND CONCLUSION

### I

■ Even though the plaintiff's objection to discharge was filed timely, it was not in the form of a complaint as required by Bankruptcy Rules 701(7)[2] and 703[3].

---

1. Further reference to sections of the 1978 Bankruptcy Code will omit the identically numbered section of Title 11, United States Code.

2. Bankr.Rule 701: The rules of this Part VII govern any proceeding instituted by a party before a bankruptcy judge to * * * (7) determine the dischargeability of a debt. Such a proceeding shall be known as an adversary proceeding.

3. Bankr.Rule 703: An adversary proceeding is commenced by filing a complaint with the court.

The complaint objecting to the discharge of the plaintiff's debt was not filed on or before February 7, 1983, the deadline shown on the Clerk of Court's notice for filing such complaint, therefore, the complaint was not filed timely.

## II

 Under § 727(b)[4], a Chapter 7 debtor who is entitled to a discharge is discharged from all his debts except those types of debts which are excepted from discharge pursuant to § 523(a).

Section 523(c)[5] requires a creditor with a debt which may be excepted from discharge under §§ 523(a)(2), (4), or (6) to initiate proceedings in the Bankruptcy Court to determine the dischargeability of his debt. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365 (1977); S.Rep. No. 95–589, 95th Cong., 2d Sess. 80 (1979), U.S.Code Cong. & Admin.News 1978, p. 5787. If a creditor who is owed a debt of these types does not initiate a proceeding to determine the dischargeability of his debt, the debt is discharged. *Id.*

Because the plaintiff alleges the debt owed to him is in the nature of support and, as such, is excepted from discharge pursuant to § 523(a)(5), he is not required by § 523(c) to initiate proceedings to determine the dischargeability of his debt.[6] To the extent the debt owed to the plaintiff is for support, it is not discharged regardless of whether an action as to the dischargeability of the debt is filed.

Because the plaintiff was not required to bring a complaint this court does not see

how the defendant has been prejudiced by the tardiness of the filing of that complaint. This absence of prejudice is even more apparent in light of the fact that the plaintiff filed his motion objecting to the discharge and served a copy on the defendant prior to the February 7 deadline set by this court for filing complaints to determine the dischargeability of a debt, thus putting the defendant on notice of the dispute as to the dischargeability of the plaintiff's debt.

For the reasons stated above, this court is of the opinion that the defendant's motion to dismiss the plaintiff's complaint should be denied.

AND IT IS SO ORDERED.

---

**4.** § 727(b): *Except as provided in section 523 of this title,* a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

**5.** § 523(c): Except as provided in subsection (a)(3)(B) of this section, the debtor shall be

discharged from a debt specified in paragraph (2), (4), or (6) of subsection (a) of this section. Unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

**6.** This statement should not be construed as discouraging creditors holding debts which are excepted from discharge from initiating proceedings to determine whether their debts are actually excepted from discharge pursuant to §§ 523(a)(1), (3), (5), (7), and (8).