In re Jay P. KING and Judy T. King, Debtors.

CITY BANK & TRUST COMPANY, and The Northern Trust Company, Plaintiffs,

v.

Jay P. KING and Judy T. King, Defendants.

Bankruptcy No. 82–B–1150.
Adv. No. 83–A–0245.

United States Bankruptcy Court, N.D. Illinois, W.D.

Sept. 23, 1983.

472

Larry J. Nyhan, Lisle, Ill., for plaintiffs.

Bradley T. Koch, Rockford, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter came before the Court on the Motion to Dismiss filed by the Debtors, Jay P. King and Judy T. King. Attorney Bradley T. Koch represents the Kings. Attorney Larry J. Nyhan represents City Bank & Trust Company and The Northern Trust Company ("the Banks").

### STATEMENT OF FACTS

On July 19, 1983, the Banks delivered to the Bankruptcy Clerk's office a document captioned "Objection to Discharge". The document was not accompanied by the requisite $60 filing fee for an adversary proceeding, nor did its caption reveal whether it was intended to be in the nature of a motion or a complaint. The document was styled "In Re: Jay P. King and Judy T. King, Debtors," and the bankruptcy case number, 83–B–1150 was noted thereon. The Bankruptcy Cover Sheet accompanying this filing stated that the cause of action

being commenced was a "Complaint to Determine Dischargeability of Debt", and incongruously listed the nature of the suit to be an Objection to Discharge, pursuant to Section 727.

Counsel for the Banks indicates that the document was not filed by an attorney, but by a "runner" to whom the law firm had assigned the task. Although neither the runner nor an employee of the Bankruptcy Clerk's office testified in this matter, the Banks' counsel indicates that some discussion took place at the time of filing between the runner and an employee in the Clerk's office. As a result of this conversation, the document was filed by the Clerk as an adversary proceeding and was given an adversary case number. The next day, July 20, the Clerk's office received by mail from the Banks the $60 filing fee. This date is significant in that it was the last date upon which a complaint objecting to discharge could be filed.

On July 19, 1983, the Clerk's office forwarded to counsel for the Banks, the Summons and Notice which counsel was to serve. Counsel for the Kings maintains that proper service was never made upon him or the Kings and the Clerk's file indicates that no certification of service was ever made by counsel for the Banks.

In his Motion to Dismiss, counsel for the Kings asserts that the pleadings submitted by the Banks do not meet the requirements of a properly pleaded complaint under applicable law, therefore a properly pleaded Complaint Objecting to Discharge was not filed by the July 20, 1983, deadline and the "Objection to Discharge" must be dismissed and a discharge order entered.

### FILING THE PLEADINGS

The first issue is whether there was a proper filing of the pleadings with the Bankruptcy Court and, if so, what bearing this has on the legal sufficiency of the contents of the complaint.

The proper filing of a complaint includes the submission of the pleadings to the Bankruptcy Clerk, completing a Bankrupt-

cy Cover Sheet, and the payment of a $60 filing fee.

The proper filing of a complaint with the Clerk's office means only that the complaint will be accepted by the Clerk and treated as an adversary proceeding. The Clerk will docket the pleadings, assign an adversary case number and issue to the Plaintiff a Notice and Summons.

But a proper filing of a complaint has no effect on the fate of the pleadings when questions arise relating to the sufficiency of their contents under the Bankruptcy Code and Rules. An attorney may not assume that the acceptance of pleadings by the Clerk for filing and the treatment of those pleadings by the Clerk as an adversary proceeding is a determination of the legal sufficiency of the contents thereof. A competent attorney must be expected to know that a determination of the legal sufficiency of pleadings purporting to be a complaint can be made only by the court, and not by actions or statements, whether proper or improper, in the Clerk's office.

Thus, the fact that the pleadings filed by the Banks in this matter were treated as a complaint by the Clerk's office, and the fact that they were timely filed and that the fee requirement was met, do not provide an adequate basis for the reliance by the Banks on the legal sufficiency of their contents. This question is a matter which this court must decide (in response to the Motion to Dismiss filed by the Kings) in accordance with the applicable requirements of the Bankruptcy Code and the Bankruptcy Rules.

## LEGAL SUFFICIENCY OF THE PLEADINGS

█ As Rule 701[1] clearly states, an objection to discharge is an adversary proceeding and is thus governed by Part VII of the Bankruptcy Rules. An adversary proceeding is commenced by filing a complaint with the court. (Rule 703.)

No need exists to state the grounds of jurisdiction in the pleadings since a properly captioned complaint serves as notice to the defendant that the complaint is filed as a proceeding in a pending bankruptcy case. (See Rule 708 and Advisory Committee's Note thereto.)

Rule 710, meanwhile, states that "Rule 10 of the Federal Rules of Civil Procedure applies in adversary proceedings, except that the caption of each pleading in such a proceeding *shall conform substantially* to Official Form No. 25." [Emphasis added]

An examination of Official Form No. 25 reveals that it includes, inter alia, a statement of the bankruptcy case Number, the name of the debtor, and the names of the plaintiff and defendant. It also includes the heading "Complaint [*or other Designation*]" [Emphasis added].

The term "Designation" on Official Form No. 25 refers to a designation of the "character of the paper" as Rule 904(b) explains.

Further, as the Advisory Committee's Notes to Rule 710 state,

"The second sentence of Rule 10(a) of the Federal Rules of Civil Procedure, made applicable by this rule, prescribes the practice as to the use of names when there are 2 or more parties on one side in an adversary proceeding."

The relevant portion of the aforementioned sentence states that:

"In the complaint the title of the action shall include the names of *all* the parties...." [Emphasis added]

As the Advisory Committee's Notes to Rule 904 state:

"Noncompliance by a party with this or any other rule imposing a merely formal requirement does not ordinarily result in the loss of his rights."

In this regard, Rule 905 makes applicable to bankruptcy cases Rule 61 of the Federal Rules of Civil Procedure. It further states that in appropriate situations, "the court

1. The actions involved in this case arose prior to the effective date of the new Bankruptcy Rules which became effective on August 1, 1983. However, the analysis used herein remains appropriate under the new Bankruptcy Rules.

may order or effect correction of such an error or defect."

It is significant to note that the Advisory Committee's Note to Rule 905 makes clear that the policy underlying Rule 61 of the Federal Rules of Civil Procedure and Bankruptcy Rule 905 in cases such as those where there exists an erroneous caption on a pleading is to disregard such an error where to do so will not affect the substantial rights of the parties.

The few cases to be found which in some way deal with the issues at hand fall short of supplying a clear solution.

Perhaps the most factually similar case to ours is that of *Fuerst v. Anderson*,[2] 5 B.R. 47 (Bkrtcy.Ct.N.D.Ohio, 1980). In *Fuerst*, the plaintiffs filed a "Complaint—Objection to Discharge", but failed to pay the $60 filing fee or to comply with Bankruptcy Rules 703 and 710, Official Form No. 25 and the applicable Official Interim Form. The pleading was filed in a timely manner, a copy was sent to the debtor and the Bankruptcy Trustee, but no Summons and Notice of Trial or Pre-Trial Conference was issued. This objection was dismissed by the Bankruptcy Court due possibly to the aforementioned deficiencies, but also apparently due in great part to the plaintiff's failure to answer the defendant's motion to dismiss within the allotted time period. The Bankruptcy Court stated that this failure to respond compelled it to dismiss the motion.

Here, although the word "Complaint" is not present in the caption, the Banks have paid the requisite filing fee. Also, the Banks apparently conveyed with sufficient clarity to the Clerk's office their intent to file the pleading as a complaint so as to cause the Clerk's office to treat it as such. It is also clear that the caption is not in strict compliance with the requirements of the Bankruptcy Rules and the Federal Rules of Civil Procedure, since it does not denominate the identity of the plaintiffs and defendants and does not state that it is a complaint. But the "character of the

paper" is also abundantly clear, both from the caption and the contents of the pleading. An objection to the discharge of the debtors pursuant to Section 727(a) of the Bankruptcy Code was intended by the Banks. Using the discretion which a court must exercise pursuant to Bankruptcy Rule 905 and consistent with Federal Rule of Civil Procedure 61, this court finds that the deficiencies found in the pleadings filed by the Banks, when considered with the other factual circumstances noted herein, do not substantially prejudice the rights of the debtors and correction shall be permitted.

It must also be noted that in *Fuerst* a discharge of the debtor had been entered by the Bankruptcy Court prior to the granting of the defendant debtor's motion to dismiss. Conversely, in this case no such order has yet been entered. As the court noted in *Fuerst:*

"The balance between the entitlement of the bankrupt to his discharge and the interest of creditors in avoiding such a discharge when possible fraud or other grounds exist changes as the proceeding in bankruptcy moves through its various stages. The pre-requisites for asserting a challenge to the bankrupt's discharge change accordingly and must be complied with." [Citing from *In re Capshaw*, 423 F.Supp. 1388, 1390–91 (D.C.1977)].

Here, had a discharge of the debtors already been granted, this court might be more inclined to find that the debtors' rights were in jeopardy of being substantially prejudiced. No discharge being entered to date in this case, and a timely response to the defendants' motion to dismiss being made by the plaintiffs, the court finds these cases sufficiently distinguishable as to warrant different results.

Further, the essence of the *Fuerst* issue was whether to allow an amended complaint by the plaintiffs in light of the fact that their initial filing had been dismissed and the deadline for filing had since passed. At bar, we are merely at the stage of

---

**2.** The other cases relied upon by the Debtors were *In Re: Campbell,* 30 B.R. 664 (Bkrtcy.D.S. Car.1983), *Guistino v. Anderson,* 5 B.R. 43 (Bkrtcy.N.D.Ohio 1980), *In the Matter of Anderson,* 5 B.R. 51 (Bkrtcy.N.D.Ohio 1980), *In Re Osborn,* 1 C.B.C. 924 (Bkrtcy.S.D.Fla.1980).

475

determining the fate of plaintiffs' initial pleading. The considerations in *Fuerst* turn on the standard of excusable neglect, which under Bankruptcy Rule 906(b)(2) is a reason for enlarging the filing period. No such standard exists as to the determination of the legal sufficiency of the Banks' original pleading and this court thus holds that even neglect on the part of a plaintiff (the Banks here) which is less than excusable can be corrected where appropriate in keeping with the spirit of Federal Rule of Civil Procedure 61 and Bankruptcy Rule 905.

Finally, the failure of the Banks to properly serve the defendants is not fatal. If the plaintiffs deem it appropriate, and upon a proper request, an alias summons may issue. Bankruptcy Rule 704(e).

For the reasons stated above, the Motion to Dismiss by the defendants shall be denied; the Banks are given 30 days to file amended pleadings in accordance with the applicable Bankruptcy Rules and Official Forms.

IT IS SO ORDERED.