In re Robert A. NORMAN, Deloria Marie Mier, Debtors.

Florence DUHON and Paulette Rawdon, Plaintiffs,

v.

Deloria M. MIRE and Robert A. Norman, Defendants.

Bankruptcy Nos. 484–01173–LO–7, 484–01174–LO–7.

Adv. Nos. 485–0038, 485–0037.

United States Bankruptcy Court, W.D. Louisiana.

May 10, 1985.

James E. Mouton, Lafayette, La., for debtors.

Cecelia A. Bonin, New Iberia, La., for creditors.

Felix O. Pavy, Opelousas, La., trustee.

FINDINGS AND CONCLUSIONS

RODNEY BERNARD, Jr., Bankruptcy Judge.

These matters are before the court upon motions to dismiss creditors' complaints to determine dischargeability of a debt.

After reviewing the pleadings and hearing argument of counsel, there being no dispute as to the facts, the court makes the following findings and conclusions.

These Chapter 7 cases were filed on November 11, 1984 and bear consecutive numbers. It is not evident from the record, but safe to presume, that there is, or was, some relationship between the debtors. They lived at the same address a short time before filing their petitions and several of the debts scheduled are identical. These facts are gleaned from the entire case records offered into the record of this proceeding by the debtors. The bar date for attacks upon the discharges was February 25, 1985. The creditors, Florence Duhon and Paulette Rawdon, filed complaints to determine dischargeability on February 12, 1985. The debtors have filed motions to dismiss the complaints and these, consolidated for purposes of hearing, were fixed and heard on April 23, 1985. The motions to dismiss are grounded upon the following allegations:

The pleading was not accompanied by the requisite filing fee.

The pleading failed to comply with the provisions of Bankruptcy Rules 703 and 710 and Official Form No. 34 in these particulars:

1) No parties were denominated as plaintiff or defendant,

2) The complaint "gave" no address,

3) No summons was issued and there was no notice of trial or pre-trial conference.

As authority for the foregoing delineated grounds, debtors cite *Fuerst v. Anderson,* 5 B.R. 47. There, the plaintiff creditor had filed a complaint objecting to the discharge on January 24, 1980, unaccompanied by a filing fee and not complying with Bankruptcy Rules 703 and 710 nor conforming to Official Form No. 25 and Official Interim Form No. 24. On February 1, 1980 the debtor filed a motion to dismiss the complaint which motion was granted on February 12, 1980 because of the failure of the creditor to comply with certain local rules not applicable here. Also on February 12, 1980 the creditor filed an amended complaint curing the aforementioned deficiencies. No summons and notice of trial was issued since the original complaint had already been dismissed. Then, on March 14, 1980, the creditor filed a motion to reinstate the complaint and amended complaint. The court there found that it had acted properly and was indeed required to dismiss the complaint since the plaintiff had not answered the motion to dismiss within the time allowed by its local rule. The court went on to opine that "To find that the court has some basis for unwinding the discharge proceedings herein is, it seems, to hold that finality of action in this area is to be sacrificed if it be demonstrated that counsel's unfamiliarity with practice and procedure before the Bankruptcy Court is the root of the problem." This, because the discharge had already been granted. The court did not dwell upon the alleged deficiencies in the original pleading filed, as indeed it need not, having other and ample grounds upon which to dismiss the complaint.

In the instant case, the factual situation differs so significantly from *Fuerst* as to make that decision inapplicable. A more similar factual situation existed in *City Bank and Trust Company v. King,* 35 B.R. 471. There, the debtors moved to dismiss the creditor's objection to discharge on grounds that the pleading initiating the proceeding was not accompanied by the requisite filing fee and did not comply with

requirements of the Bankruptcy Rules nor conform to Official form No. 25. In that case the objection was filed by the creditor on July 19, 1983 and on the next day, being the last day upon which an attack upon the discharge could be made, the filing fee was paid. The court concluded that the content of the pleading was of such composition that there was no substantial prejudice to the rights of the debtors and permitted amendment to the pleading.

Since *Fuerst* and *City Bank and Trust Company,* new rules have been promulgated incorporating a different numbering system and containing many more references to the Federal Rules of Civil Procedure. For instance, Rule 701 is now Rule 7001; Rule 704 is now Rule 7004 and Rule 710 is now Rule 7010. The effect upon pleadings is virtually the same. In this respect then, it is safe to embrace the reasoning of the *Fuerst* court.

In the case at bar the debtors' complaints are captioned In Re: Robert A. Norman and In Re: Deloria M. Mier. Both included the designation "COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT". The allegations of the complaint make reference to "debtor" throughout, though, never in fact naming the debtor. The filing fees, Sixty Dollars ($60.00) each were not paid until February 26, 1985, the day after the bar date.

■ This court finds that the complaints herein conform substantially to the Rules of Bankruptcy Procedure, as filed. Some reference is made in the motion to dismiss that an attempt was made on March 6, 1985 to cure defects in the complaint. Presumably, this reference is to the Summons issued that date since no amended complaint was ever filed.

■ The only remaining issue concerns the late payment of filing fees and the effect thereof, if any. The authority for collection of filing fees is contained in 28 U.S.C. § 1930(b) which authorizes the Judicial Conference of the United States to

prescribe fees of the same type which it prescribes under 28 U.S.C. § 1914(b). Acting under this authority the Judicial Conference adopted a schedule of fees "to be charged for services performed by the clerks of the bankruptcy courts, ......". This schedule, under paragraph numbered 7., provides:

> For instituting any civil action, suit or proceeding in a controversy over which the bankruptcy court does not have exclusive jurisdiction, whether by original process, removal or otherwise, $60.00; for filing a complaint in a controversy over which the court has exclusive jurisdiction, $15.00.

Nowhere in the statute, the schedule prescribed by the Judicial Conference, the Local Rules for the Western District of Louisiana nor the Local Rules of the Bankruptcy Court is the clerk ordered to collect the fee before filing the complaint nor is the clerk given any guidance as to when or how the fee is to be collected. The practice by the clerk is to collect the fee at the time of filing. Exceptions are made so as not to inconvenience attorneys who have neglected to bring a check with them or who have made out the check incorrectly. Upon the attorney's solemn promise that the fee will be forthcoming within a short period of time, the clerk will usually accept papers for filing without simultaneous payment of the fee. The clerk's method of collection is to withhold issuance of the summons until the fee has been paid. This is the type of forbearance on the part of the clerk which leads to controversies of the kind at bar. What is controlling here is the *filing* of the complaint, not the *payment of a fee.* (Emphasis added.)

It is the conclusion of this court that the alleged deficiencies in the complaint, as well as the late payment of the filing fee, are insignificant. The motion to dismiss is denied and the complaining creditors are ordered to file an amended complaint within ten days of issuance of the order to be issued in connection with the foregoing.