In re Jerry REPLOGLE, Dortha Replogle, Debtors.

Ed ECKER, Plaintiff,

v.

Jerry REPLOGLE and Dortha Replogle, Defendants.

Bankruptcy No. 86–40019.
Adv. No. 486/0033.

United States Bankruptcy Court,
D. Montana.

Feb. 23, 1987.

Neil D. Enright, Billings, Mont., for debtors.

Robert C. Smith, Billings, Mont., for plaintiff.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 7 adversary proceeding, the Plaintiff filed a complaint on June 12, 1986, seeking to declare the debt non-dischargeable under Section 11 U.S.C. § 523(a)(2) of the Bankruptcy Code. The Debtors responded with a response, amended on October 23, 1986, setting forth among other matters an affirmative defense that the complaint was filed beyond 60 days of the first meeting of creditors.

By affidavit, the facts, which are not in dispute, show that counsel for the Plaintiff mailed the complaint, together with a motion for relief from the automatic stay, to the Clerk of the Bankruptcy Court on June 6, 1986, which the Clerk received on Monday, June 9, 1986, which was the last day allowed for filing complaints objecting to discharge. Rather than file the complaint, the Clerk returned the complaint with an attached yellow slip which stated:

"This must be done as an adversary action. I'll need $60.00, a cover sheet (enclosed) and two copies of complaint."

Plaintiff counsel promptly corrected the filing errors by completing the cover sheet and sending the fee, all of which was accomplished on June 12, 1986, three days beyond the bar date.

Under Section 523(c) of the Code, this Court has exclusive jurisdiction to hear non-dischargeability complaints filed under Sections 523(a)(2), (4) and (6). *In Re Aldrich*, 34 B.R. 776 (9th Cir.1983). A complaint must be filed in the Bankruptcy Court within the time period set by the Court. *Id.* at 779; Bankruptcy Rule

4007(c). Rule 4007(c) provides that a complaint to determine the dischargeability of any debt pursuant to Section 523(a) shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to Section 341(a). The Court may extend such time if a motion is made before the time for filing the complaint has expired. It is the duty of the Clerk under Rule 5005(a) to file such complaint upon receipt. Under 5005(b), where a complaint is erroneously delivered to a party other than the Clerk of the Bankruptcy Court, a court may, in the interest of justice, order the paper to be deemed filed as of the date of its original delivery. Subsection (b) has no application to the facts of this case.

The complaint was received, but not filed, by the Clerk within the bar date. The Clerk obviously failed to file the complaint because the requirements of local District Bankruptcy Court Rules require a cover sheet and the filing fee. The Clerk evidently believed that rule 125–2, Rules of Procedure of the United States District Court for the District of Montana was adopted by reference by Rule 13, United States Bankruptcy Court for the District of Montana Local Rules so as to provide:

"The Clerk shall file all papers presented for filing upon payment of proper fees."

Rule 200–1(b) of the same local rule provides the "Clerk is authorized to reject for filing any civil case which is not accompanied by a complete and executed civil cover sheet". Rule 15, Local Bankruptcy Rules, dealing with adversary proceedings states:

"Before a complaint instituting an adversary proceeding will be filed by the Bankruptcy Clerk, the plaintiff must present to the Clerk of the Bankruptcy Court a completed Bankruptcy Cover Sheet on Form BC 104 unless otherwise ordered by the Court."

Under the local rules, the requirements for filing an adversary proceeding do include the filing fee and cover sheet.

The Defendant Debtors argue that the failure of the Plaintiff to timely file his complaint was brought about by the Clerk's proper application of his duties un-

der the local rules. Clearly, no filing fee or cover sheet were timely made by the Plaintiff. Nevertheless, the Plaintiff argues the complaint was timely received by the Clerk, but not filed because of lack of the filing fee. The Plaintiff cites *In Re Norman,* 49 B.R. 796, 13 B.C.D. 192 (Bankr.W.D.La. 1985), which holds that while Sections 28 U.S.C. §§ 1914 and 1930(b) allow for filing fees, the filing fee is not a prerequisite for filing the non-dischargeability complaint. Additionally, the Plaintiff correctly states that no Local Bankruptcy Rule provides for the payment of a filing fee as a condition precedent to filing the complaint since the Local Rules of Bankruptcy do not incorporate by reference Local District Court Rule 125–2 [formerly Rule 5(a) ]. Finally, the Plaintiff relies upon *Parissi v. Telechron, Inc.,* 349 U.S. 46, 47, 75 S.Ct. 577, 96 L.Ed. 867 (1955) which held:

> "The Court of Appeals, without opinion, dismissed the appeal as untimely. We think that the clerk's receipt of the notice of appeal within the 30 day period satisfied the requirements of § 2107, (28 U.S.C. 2107), and that untimely payment of the § 1917 fee did not violate the validity of the petitioner's notice of appeal. Anything to the contrary in such cases as *Mondakota Gas Co. v. Montana-Dakota Utilities Co.,* 9th Cir.1952, 194 F.2d 705, we disapprove. Our conclusion does not leave § 1917 without other sanctions."

The holding of *Parissi* on the issue of lateness of the filing fee, or timely receipt of the notice of appeal, has been followed in *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 547 (5th Cir.1978), *Bolduc v. United States,* 189 F.Supp. 640 (S.D.Me. 1960) (there is no distinction between § 1917 and § 1914 which requires a filing fee for complaints and a filing fee for notice of appeal) and *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir.1980) (a notice of appeal is timely filed if received by the district court within the applicable period).

The complaint in this case was timely received for filing within the bar date. The Clerk was correct in requesting the filing fee and cover sheet. However, the actions of the Clerk must not overcome the fact that the receipt of the adversary complaint pursuant to Bankruptcy Rule 7001 and 4007(c) was timely. This court under 11 U.S.C. § 105 has the inherent power to correct mistakes and errors in order to prevent manifest injustice. See *Matter of CIPA,* 11 B.R. 968 (Bankr.W.D.Pa.1981) (allowing an objection to exemption to be filed late where no prejudice to the debtor is shown); *Ragsdale v. Genesco, Inc.,* 674 F.2d 277 (4th Cir.1982) (allowance of a late filing is a matter vested in the discretion of the Bankruptcy Judge). Local Bankruptcy Rules do not require the filing fee be deposited with the Clerk as a prerequisite to filing the complaint since such local rules have not adopted by reference Local District Court Rule 125–2. Moreover, Local Bankruptcy Rule 15, noted above, providing for a completed cover sheet as a condition precedent to filing an adversary proceeding specifically allows the Court to order otherwise, as for example, in this case where the conduct of the Plaintiff has not been contumacious or to foster delay. See *Wrenn,* supra, at 546. I, therefore, conclude the Plaintiff's complaint in this adversary cause was timely received for filing by the Clerk. Since all other prerequisites for filing, namely prompt receipt of the filing fee and cover sheet, were immediately cured, the Plaintiff's complaint should be deemed filed as of June 9, 1986.

IT IS ORDERED the Fifth Affirmative Defense of the Defendant's answer to the complaint is stricken.