NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: ALAN J. COUTURE,

Debtor,

_____

CRYSTAL MOORE,

Plaintiff-Appellant,

v.

ALAN J. COUTURE,

Defendant-Appellee.

No. 22-35479

D.C. No. 2:21-cv-00002-BMM

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted June 5, 2023
Submission Vacated June 14, 2023
Resubmitted September 18, 2023
Seattle, Washington

Before: SCHROEDER, HAWKINS, and CALLAHAN, Circuit Judges.

Plaintiff-Appellant Crystal Moore (Moore) appeals the district court's order

affirming the Montana Bankruptcy Court's order granting Defendant-Appellee

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Alan Couture's (Couture) Federal Rule of Civil Procedure 60(b)(6) motion and vacating its prior order finding certain obligations of Couture non-dischargeable in his 2012 bankruptcy. We affirm.

Moore and Couture divorced in 2002 and signed a Decree of Dissolution of Marriage (Divorce Decree) outlining monetary obligations of Couture related to alimony, mortgage payments, child support, and a marital tort judgment. In 2004, Couture filed for bankruptcy in Indiana. Moore was listed as a creditor, and although the two signed a reaffirmation agreement intending to preserve the marital tort judgment in the Divorce Decree, the agreement was not approved by the bankruptcy judge. Moore did not file any other documents related to the dischargeability of the marital tort judgment and the bankruptcy judge did not make any findings as to dischargeability.

Couture filed a second bankruptcy in Montana in 2012, in which Moore did file a dischargeability complaint and the bankruptcy judge found the marital tort judgment to be non-dischargeable. In 2017, Couture filed a motion to reopen the Montana bankruptcy and a subsequent Rule 60(b) motion to vacate the Montana bankruptcy judge's prior finding of non-dischargeability on the basis that the marital tort judgment had previously been discharged in the 2004 Indiana bankruptcy. The Montana Bankruptcy Court granted the Rule 60(b)(6) motion and vacated its prior order holding the debt to be non-dischargeable. Moore appealed

to the district court, which affirmed the decision of the bankruptcy judge, and then timely appealed to this court.

We review a bankruptcy court's conclusions of law de novo. *In re The Mortgage Store, Inc.*, 773 F.3d 990, 994 (9th Cir. 2014). We review an order granting or denying a motion to vacate under Rule 60(b)(6) for abuse of discretion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). A bankruptcy court abuses its discretion if it does not apply the correct law or if its decision rests on a clearly erroneous finding of fact. *Id.* We review the bankruptcy court's decision without deference to the district court's conclusions. *In re Weisman*, 5 F.3d 417, 419 (9th Cir. 1993).

1.      Under Rule 60(b)(6), "a court may relieve a party . . . from a final judgment, order, or proceeding . . . for any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(6). An error of law is an "extraordinary circumstance" that supports the grant of a Rule 60(b)(6) motion. *See Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.*, 503 F.3d 933, 940-41 (9th Cir. 2007). A Rule 60(b)(6) motion must be filed in a reasonable time, which is evaluated in terms of possible prejudice and justification for failing to act sooner, and depends on the facts of a particular case. Fed. R. Civ. Pro. 60(c)(1); *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989).

Because the marital tort judgment was discharged in the 2004 Indiana

bankruptcy, the later ruling of the Montana bankruptcy judge finding the marital tort judgment to be non-dischargeable was a legal error. The Montana Bankruptcy Court correctly determined the marital tort judgment as a non-support obligation under 11 U.S.C. § 523(a)(15). Under the Bankruptcy Code as it existed during the 2004 Indiana bankruptcy, Moore was required to file a dischargeability complaint under 11 U.S.C. § 523(c)(1) in order for the debt to survive the bankruptcy.

Although Couture's Rule 60 motion was filed three years after the dischargeability ruling from the Montana Bankruptcy Court, the bankruptcy court did not err in finding Moore had not suffered substantial prejudice due to the delay. Based on the accounting from the Indiana state courts, Moore received at least some amount of payments that counted towards the marital tort judgment even though she was not legally entitled to those payments after the 2004 Indiana bankruptcy. Furthermore, this situation arose in part from Moore's failure to make the appropriate filings during the 2004 Indiana bankruptcy.

Therefore, given the Montana Bankruptcy Court initially erred as a matter of law in finding non-dischargeable a debt that had been discharged in a previous bankruptcy proceeding, the subsequent grant of the Rule 60(b)(6) motion was within its sound discretion.

2.      Moore argues that Couture is judicially estopped from now claiming the marital tort judgment was discharged. "[J]udicial estoppel is an equitable

4

doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotation marks and citation omitted). We review the availability of judicial estoppel de novo as a question of law, and if available, the decision to apply it for an abuse of discretion. *In re Gurrola*, 328 B.R. 158, 162 (B.A.P. 9th Cir. 2005); *see also Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The Ninth Circuit Bankruptcy Appellate Panel has held that in light of the strong anti-waiver provisions of 11 U.S.C. § 524(a), which states that a discharge "voids any judgment at any time obtained . . . whether or not such discharge is waived," equitable exceptions cannot prevent a debtor from relying on a bankruptcy discharge (i.e., judicial estoppel would not apply). *See In re Gurrola*, 328 B.R. at 160, 163 (describing a discharge in bankruptcy as an "absolute, nonwaivable defense,"); *In re Kimmel*, 378 B.R. 630, 638 (B.A.P. 9th Cir. 2007) ("First, the chapter 7 discharge is absolute and, in light of the anti-waiver provisions of § 524(a), does not admit of an equitable exception that would permit it to be waived by postdischarge conduct."). Accordingly, Moore may not raise judicial estoppel in challenging the bankruptcy court's Rule 60 order. And, even if judicial estoppel were available, Couture's conduct appears to be the result of a misunderstanding of the law. *See New Hampshire*, 532 U.S. at 753 (noting "it may be appropriate to resist application of judicial estoppel when a party's prior position was based on an inadvertence or mistake." (internal quotation marks and

5

citation omitted)).  In sum, Moore has not shown the Montana Bankruptcy Court erred in declining to apply judicial estoppel.

3. The Montana Bankruptcy Court owed no deference to the 2020 Indiana Court of Appeals ruling characterizing the debt as related to a willful and malicious injury. Bankruptcy courts have exclusive jurisdiction to determine the dischargeability of debts under 11 U.S.C. § 523(a)(6).  *In re Aldrich*, 34 B.R. 776, 781 (B.A.P. 9th Cir. 1983).  Even if the Montana Bankruptcy Court had agreed with the Indiana Court of Appeals' characterization of the debt, the outcome remains the same—just as with a non-support obligation, a debt related to a willful and malicious injury only survives bankruptcy if there is a dischargeability complaint filed under 8 U.S.C. § 523(c), and Moore failed to file any such complaint in the 2004 Indiana bankruptcy.

We recognize the difficult situation presented by this case, but cannot find any abuse of discretion by the Montana Bankruptcy Court.  Therefore, the ruling is **AFFIRMED.**